**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

FREDERIC C. PRADO,

            Plaintiff,

vs.

STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF WELFARE AND SUPPORTIVE SERVICES (OWENS OFFICE),

            Defendant.

Case No. 2:16–cv–1182–RFB–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1 & 1-2)

Before the court are Plaintiff Frederic C. Prado's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1 & 1-2). For the reasons stated below, Prado's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Prado's complaint be dismissed with leave to amend.

**I. Discussion**

Prado's filings present two questions: (1) whether Prado may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Prado's complaint states a plausible claim for relief. Each is discussed below.

1. Prado May Proceed *In Forma Pauperis*

Prado's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Plaintiff submitted a financial affidavit. (Doc. #1). According to the

1

affidavit, Prado lives on a fixed income of approximately $1,364 per month, has no savings, and supports his wife and daughter. Prado's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Because the court grants Prado's application to proceed *in forma pauperis*, it must review Prado's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Prado's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**III. Discussion**

1.  Prado's Disability Discrimination Claim

In order to state a claim for disability discrimination under the Americans with Disabilities Act, a plaintiff must allege that: "(1) he is a person with a disability; (2) that he is otherwise qualified; and that the defendant's actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his disability." *Deeds v. Bannister*, Case No. 3:11-cv-351-LRH-VPC, 2013 WL 1250343 at* 4 (D. Nev. Jan. 8, 2013).

Prado alleges that the Department of Health and Human Services refused to help pay for his medical expenses or to award him other public benefits such as food stamps, bus passes, and energy subsidies.  (ECF No. 1)  He theorizes that the Department's actions constitute disability discrimination. (*Id.*)  However, Prado also asserts that he was denied public assistance because his household income was too high.  (*Id.*)  Documents attached to his complaint support this assertion.  (*Id.* at 9) ("your SNAP case will remain open but you will not receive a SNAP benefit because your household's countable net

income is too high")  Since Prado would not be otherwise qualified to receive public assistance, he has failed to state a claim for relief under the ADA.

2.     Prado's Negligence Claim

Prado also alleges that the Department's actions also constituted negligence.  In order to state a claim for negligence under Nevada state law, a plaintiff must allege: "(1) the existence of a duty of case; (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1281 (Nev. 2009).  Prado does not allege that the Department owed him a duty to provide him with public assistance.  Since he has not alleged that the Department owed him a duty, Prado failed to state a negligence claim.

3.     Prado's Copyright Claims

Finally, Prado alleges that satellites have "invaded his privacy" and that these satellites infringed on a number of his copyrights.  (ECF No. 1-2 at 6)  A claim is frivolous if it states "fanciful factual allegations" or describes "delusional scenarios." *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  Prado imagines a delusional scenario, where satellites are somehow able to read his thoughts as well as cause him physical pain.  Prado's copyright claims, to the extent they rely on allegations of satellite interference, are dismissed as frivolous.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Prado's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint.  (ECF No. 1-1 & 1-2).

4

IT IS FURTHER ORDERED that Prado is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Prado's ADA and negligence claims be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that, to the extent Prado's copyright claims rely on allegations of satellite interference, they be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal of his ADA and negligence claims with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 2nd day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE