# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERIC C. PRADO,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF WELFARE AND SUPPORTIVE SERVICES,<br>        Defendant. | Case No. 2:16-cv-01182-RFB-VCF<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH** |

Before the Court for consideration is the Report and Recommendation of the Honorable Cam Ferenbach, United States Magistrate Judge, entered June 2, 2016. ECF No. 2. For the reasons discussed below, the Report and Recommendation is adopted in full.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

Plaintiff filed his Application for Leave to Proceed *in Forma Pauperis* on May 26, 2016. ECF No. 1. Judge Ferenbach entered a Report and Recommendation on June 2, 2016, in which he ordered that the Application for Leave to Proceed *in Forma Pauperis* be granted and recommended

1 that the ADA and negligence claims be dismissed without prejudice and the copyright claims be
2 dismissed with prejudice. ECF No. 2. Plaintiff filed what is construed as an objection to the Report
3 and Recommendation on June 16, 2016. ECF No. 4.  Upon reviewing the pleadings and the Report
4 and Recommendation, the Court agrees with Judge Ferenbach's recommendations.

Plaintiff's disability discrimination claim fails because his factual allegations do not indicate that he was qualified to receive the public benefits he sought from the State. To prove a public program violated the ADA, a plaintiff must show (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. Cohen v. City of Culver City, 754 F.3d 690, 95 (9th Cir. 2014). Plaintiff alleges the State did not issue bus passes to get to the doctor's appointments, EBT food stamps, energy assistance, or Medicaid benefits. ECF No. 1. Plaintiff also states he was denied benefits because his household income was too high. Id. Documents attached to the Complaint evince Plaintiff's income is, in fact, too high to receive the public benefits he seeks. ECF No. 1-3 at 9. Because Plaintiff does not qualify for the public benefits he seeks, Plaintiff has not alleged that he was denied benefits by reason of his disability. Plaintiff has leave to amend his Complaint to add factual allegations that would state a disability discrimination claim.

Plaintiff's negligence claim fails because he failed to allege the Department of Health and Human Services owed him a duty of care. A claim for negligence under Nevada law requires the Plaintiff allege: "(1) the existence of a duty of care; (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3D 1276, 1281 (Nev. 2009). Because he has not demonstrated the first element, Plaintiff has not stated a claim upon which relief can be granted. Plaintiff has leave to amend his Complaint to add factual allegations that would state a claim for negligence.

Plaintiff's claim of copyright infringement fails because its fanciful allegations render this claim frivolous. Plaintiff supports his claim for copyright infringement by stating satellites are "invading [his] privacy." ECF No. 1. Plaintiff does not allege reproduction of his copyrighted

work. The satellite interference theory is exactly the "delusional scenario" the Ninth Circuit has held to be frivolous. McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Therefore, this claim is dismissed with prejudice.

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 2) is ADOPTED in full.

**IT IS FURTHER ORDERED** that the Plaintiff has 60 days from the date of this Order to file an Amended Complaint, or the Court will dismiss the ADA and negligence claims with prejudice.

DATED this 2nd day of October, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**